Matthew J. HUGHES

v.

The NATIONAL SHAWMUT BANK OF BOSTON.

No. 61-36-F.

United States District Court
D. Massachusetts.

Dec. 27, 1962.

Walter Jay Skinner, Scituate, Mass., for plaintiff.

Arthur J. Santry, Putnam, Bell, Santry & Ray, Boston, Mass., for respondent.

FRANCIS J. W. FORD, District Judge.

This is a suit to recover damages for an alleged violation of 46 U.S.C.A. § 951, in which respondent has moved for summary judgment. The facts, as to which there seems to be no genuine dispute, appear from an agreed statement of facts, a deposition of libellant and copies of documents from the United States District Court, Southern District of Florida, Miami Division.

On November 29, 1960 The National Shawmut Bank of Boston filed a libel in the United States District Court, Southern District of Florida, Miami Division, against the Oil Screw Rickimark and her owner, Matthew J. Hughes, to foreclose a preferred ship mortgage on the vessel given to the bank in 1959 by Hughes to secure a promissory note of Hughes. Hughes at the time was in default on payments on the note in the amount of $7675.

The vessel at that time was docked at Miami where Hughes had taken it in October. Hughes had left Florida on November 22, leaving the vessel in charge of one Samuel Wiley. On November 30 a deputy marshal took the vessel into custody and delivered a copy of the writ of monition issued by the court together with a copy of the libel to Wiley, whom he found in charge of the vessel. About December 1 Hughes returned to Miami, visited the boat, saw the posted notice that it had been seized by the United States Marshal, and learned of the mortgage foreclosure proceeding instituted by

the bank. On December 2 he left Florida and did not return there until some time in February, 1961. During all this time, however, he remained within the United States.

Hughes returned to Boston where he visited the bank and discussed the matter with an officer of the bank sometime in early December. During that month he also consulted an attorney about the matter, and also discussed the matter with attorneys representing the bank.

On November 29, 1960 the court in Florida issued an order to the Marshal to give actual notice to Hughes by service on him of a copy of the monition together with a copy of the libel. This order was later returned, not executed by the marshal. On December 29, 1960 another writ issued from the court commanding the marshal to cite Hughes to appear and answer to the libel, and if Hughes could not be found to attach his goods and chattels. The marshal's return sets forth that after diligent search on January 4, 1961 he was unable to locate Hughes and executed the writ by attaching the Rickimark.

On March 14, 1961 the judge signed a final decree ordering the sale of the vessel and it was sold by the Marshal on March 30, 1961 for $7,050.

So far as pertinent here, 46 U.S.C.A. § 951, dealing with foreclosure of preferred ship mortgages, provides: "In addition to any notice by publication, actual notice of the commencement of any such suit shall be given by the libellant, in such manner as the court shall direct, to (1) the master, other ranking officer, or caretaker of the vessel, * * * unless after search by the libellant satisfactory to the court, such mortgagor, master, other ranking officer, caretaker, or claimant is not found within the United States. Failure to give notice to any such person, as required by this section, shall not constitute a jurisdictional defect; but the libellant shall be liable to such person for damages in the amount of his interest in the vessel terminated by the suit."

Libellant here seeks to recover the amount of his interest in the vessel on the ground that there was failure to give notice as required by the statute. It is clear, of course, that the service by the marshal on November 30, 1960 of copies of the writ and libel upon Wiley was a giving of actual notice to the caretaker of the vessel. This would seem to constitute a sufficient compliance with the requirements of the statute. Moreover, this service had the effect of bringing the proceeding to the actual knowledge of Hughes so as to give him adequate opportunity to protect whatever rights he may have had in the vessel. Thus the purpose of the statutory procedure was clearly attained.

Libellant, however, contends that since the court issued an order for the giving of actual notice to Hughes which has never been executed, there has been a failure to give actual notice "in such manner as the court shall direct." Such an undue insistence on literalism must be rejected. The statute requires actual notice to only one responsible person connected with the vessel, either the master, another ranking officer or the caretaker. Here there was actual notice to the caretaker. The statute also requires that the notice be given in such manner as the court shall direct. But where the execution by the marshal of the direction of the court contained in the original writ of monition does give actual notice to one of the persons enumerated in the statute, there is no need for any further order of the court for the giving of actual notice. Any additional order of the court for the giving of actual notice to other persons would direct the performance of more than the statute requires.[1] Further, the execution of the

---

1. The order for actual notice to Hughes was dated the same day as the writ of monition. At that time, of course, it was not known that service of the writ would be made on the caretaker. Once this was done, however, and he had thus received actual notice, the other order as to actual notice became superfluous.

order by the marshal became impossible when Hughes left Florida on December 2 and thereafter remained outside the jurisdiction within which the marshal had authority to make service upon him. The court's order as to actual notice was, of course, directed only to the marshal. No order with respect to the giving of notice was ever directed to the bank as libellant in the Florida action, and hence there was no failure on the part of the bank to carry out any order of the court.

In summary the marshal by service of the writ at the direction of the court gave actual notice to the caretaker of the vessel, any requirement of further actual notice was superfluous, and impossible of execution by the marshal, and in any event no special order as to the giving of notice was directed to the bank. Moreover, Hughes had actual notice and adequate opportunity to protect his rights in the foreclosure proceeding. There was, therefore, no failure to give notice under § 951 which would entitle Hughes to maintain the present proceeding.

Respondent's motion for summary judgment is allowed.